**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FULLER FAMILY TRUST, et al., | No. 2:14-cv-01210-LDG-VCF |
| Plaintiffs, | ORDER |
| v. | |
| NORTHSTAR MORTGAGE HOLDINGS, INC., et al., | |
| Defendants. | |

Defendants Bank of America, N.A., Nationstar Mortgage, LLC, and Select Portfolio Servicing, Inc., have filed motions to dismiss the amended complaint (#26, #27 and #32). Plaintiffs Fuller Family Trust's ("Fuller") claims made against Bank of America and Nationstar Mortgage depend on the determination that Bank of America and Nationstar Mortgage "stand[] in the shoes of" Select Portfolio Servicing, Inc.  However, Fuller's allegations are insufficient to state a claim that Bank of America and Nationstar Mortgage breached the loan modification agreement between Fuller and Select Portfolios Servicing, Inc.,

Nationstar was assigned the deed of trust but was not involved in the origination of Fuller's loan.  The fact that an entity services a loan is insufficient to claim that the entity is liable for breaches regarding such origination.  See Hafiz v. GreenPoint Mortgage Funding, Inc., 652 F. Supp.2d 1039, 1050 (N.D. Cal. 2009).  Similarly, Bank of America was not a party to the loan modification agreement between Fuller and Select Portfolio Servicing and plaintiffs fail to plead facts sufficient to establish that Select Portfolio Servicing acted as Bank of America's agent.  Bank

1  of America transferred servicing of the loan months before the allegations of the amended

2  complaint took place, and the amended complaint does not allege that Select Portfolio Servicing

3  was Bank of America's agent on account of Bank of America's ownership of the loan.

4      As for their claims against Select Portfolio Servicing, Fuller claims that Select Portfolio

5  Servicing performed a "bait and switch" by promising a higher principal reduction, $212,738.51,

6  than they actually received, $191, 686.76.  Such a promise, however, would simply contradict the

7  writings in this case that can be considered on a motion to dismiss.  Both the deed of Trust and the

8  October 2013 Loan Modification stated that "[a]s part of this Modification, "[Fuller]" agrees that

9  all amounts and arrearages that are or will be past due . . . including . . . escrow advances . . . will

10  be added to the current principal balance of the Note."  Morever, the June 27, 2013, letter from

11  Select Portfolio Servicing offering a trial modification provided that any principal reduction stated

12  therein is an estimate and that the specific terms modification would be included in the permanent

13  modification.  Fuller executed the October 2013 permanent modification.  Fuller fails to state a

14  claim for breach of contract.

15      The court also finds that Nevada's Deceptive Trade Practices Act, NRS § 598, applies to

16  goods and services and not to real estate transactions.  See Suet Fong Wong v. BAC Home Loans

17  Servicing, LP, 2:11-cv-1608-GMN, 2012 WL 4868085 at 3 (D. Nev. Oct. 11, 2012).

18  Nor do Fullers' breach of the covenant of good faith and fair dealing and punitive damages claims

19  survive.  Accordingly,

20      THE COURT HEREBY ORDERS that defendants Bank of America, N.A.'s, Nationstar

21  Mortgage, LLC's, and Select Portfolio Servicing, Inc.'s, motions to dismiss the amended

22  complaint (#26, #27 and #32) are GRANTED.

23      DATED this 30 day of September, 2016.

24  _____

25  Lloyd D. George
   United States District Judge

26